UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIAN KAHLON,

                  Plaintiff,

-against-

PROJECT VERTE INC.,

                  Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/20/2021
```

20-cv-3774 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      For the purposes of this Order, resolving the sole outstanding discovery dispute between the parties, the Court assumes familiarity with the facts and background of this case. Plaintiff Julian Khalon seeks to compel production of a memo, prepared by corporate counsel, about the basis for his termination that Defendant Project Verte, Inc. has withheld on the basis of attorney-client privilege [ECF #48, 67]. Defendant sent the memo to the Court, via email, for *in camera* review. The Court has carefully reviewed the memo and the parties' arguments.

      The memo opines that Kahlon's refusal to sign certain convertible notes justified firing him for cause. The memo was read aloud to the Board at the meeting where the Board voted to fire Kahlon. The minutes from that Board meeting, which were produced to Kahlon, state that the memo was read aloud and considered at the meeting. However, the minutes do not describe the contents of the memo.

      Kahlon argues that he "must be permitted to review the memo that the Board of Project Verte relied on in terminating" him to evaluate the argument that Project Verte had a good faith basis to terminate him for cause [ECF #48 at 3]. Kahlon stresses that attorney-client privilege may be waived when the privilege-holder puts the communication "in issue" by virtue of its claims or defenses, thus using the communication as both a sword and a shield. *E.E.O.C. v.*

*Johnson & Higgins, Inc.*, 1998 WL 778369, at *8 (S.D.N.Y. Nov. 6, 1998) [ECF #48 at 2; ECF #67 at 1]. He adds that there is a question whether the privilege was waived when the memo was read aloud at the Board meeting [ECF #67 at 1]. Project Verte responds that it did not put the memo in issue because it is not asserting any counterclaims based on Kahlon's failure to sign the convertible notes. Project Verte also argues that there is another "source of direct proof" on the Board's reasons for Kahlon's termination because Project Verte produced the minutes from the meeting where the Board voted to terminate him. *Standard Chartered Bank PLC v. Ayala Int'l Holdings*, 111 F.R.D. 76, 83 (S.D.N.Y. 1986).

It does not matter that Project Verte is not asserting a counterclaim based on the contents of the memo. As part of its defense, Project Verte argues that it relied on the advice of counsel to conclude that it was justified in terminating Kahlon for cause. Indeed, in a recent letter to the Court describing the grounds for its contemplated motion for summary judgment, Project Verte specifically asserts that it was "[a]cting on the advice of counsel" when it fired Kahlon [ECF #68 at 3]. Project Verte, however, cannot "affirmatively rely on privileged communications to support its . . . defense and then shield the underlying communications from scrutiny by the opposing party." *In re Cty. of Erie*, 546 F.3d 222, 227 (2d Cir. 2008). The minutes from the Board meeting do not supply another source of proof, since they do not reflect the contents of the memo or the Board's reasoning. Thus, the Court concludes that Project Verte has waived privilege with respect to the memo in question. Accordingly, IT IS HEREBY ORDERED that, by April 23, 2021, Project Verte shall produce the memo to Kahlon.

**SO ORDERED.**

Date:  April 20, 2021  
       New York, NY

                                                  **MARY KAY VYSKOCIL**  
                                                  **United States District Judge**