| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/6/2021 |

JULIAN KAHLON,

                Plaintiff,

-against-

PROJECT VERTE INC.,

                Defendant.

20-cv-3774 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    Early in this case, attorneys from Reavis Page Jump LLP ("Reavis Page") filed a motion to withdraw as counsel for Plaintiff Julian Kahlon, asserting that Plaintiff failed to pay his legal fees [ECF #31, 32, 33]. The Court granted the motion to withdraw, and new counsel appeared on Kahlon's behalf [ECF #35, 37, 38]. Reavis Page then filed a motion for fees and a charging lien [ECF #40, 41, 42, 43, 44]. Kahlon responded with a cross-motion to compel arbitration [ECF #57, 58, 59, 60], and Reavis Page replied [ECF #63, 64, 65]. Both parties also filed motions to seal documents they filed in connection with their motions [ECF #39, 56, 62].

    For the purposes of this Order, the Court assumes familiarity with the procedural history of this case. Reavis Page argues that this Court should grant its motion for fees and a charging lien because, the firm asserts, the Court granted its motion to withdraw for good cause based on non-payment of fees [ECF #42 ("Reavis Page Motion for Fees") at 2]. The firm seeks almost $90,000, even though it did not take any depositions or file or oppose any significant motions. It says the firm's experienced attorneys spent 235 hours on the case. *See* Reavis Page Motion for Fees at 6, 8. And it argues that its hourly rates do not fully cover what it is owed because it was working based on a "hybrid contingency" model. *See id.* at 9.

Kahlon responds that his engagement letter with Reavis Page specifically provides for mandatory arbitration for "any" fee dispute [ECF #60 ("Pl. Mot. to Compel Arbitration") at 6]. He argues that he allowed Reavis Page voluntarily to withdraw without good cause because the relationship had broken down. Pl. Mot. to Compel Arbitration at 10. According to Kahlon, he temporarily delayed making certain payments when he left the country for personal reasons and was insulted when the firm threated to seek a charging lien in the circumstances. *See id*. at 11. Kahlon also argues, correctly, that the firm is entitled only to reasonable fees for reasonable hours, notwithstanding the number of hours the attorneys actually worked. *See id.* at 16–18; *Pettiford v. City of Yonkers*, No. 14-cv-6271 (JCM), 2020 WL 1331918, at *5 (S.D.N.Y. Mar. 20, 2020), *aff'd*, 2020 WL 6575051 (2d Cir. Nov. 10, 2020).

Reavis Page replies that it is not required to submit to mandatory arbitration because New York law exempts fee disputes of more than $50,000. It also maintains that Kahlon deliberately disregarded his obligations to pay the firm for a prolonged period.

The Court concludes that the fee dispute between Reavis Page and Kahlon must proceed to arbitration. The Engagement Letter states that "any dispute" about fees "will be submitted to final and binding arbitration pursuant to" the rules governing the New York Fee Dispute Resolution Program [ECF #44-1 ("Engagement Letter")]. Those rules provide that the Program does not apply to "dispute[s] involving a sum of . . . more than $50,000" unless "the parties have consented." 22 NYCRR § 137.1(b)(2). Here, the parties arguably consented to arbitrate disputes larger than $50,000 because the Engagement Letter provides for "arbitration of *any fee dispute* in accordance with Part 137 and such procedures." Engagement Letter at 4 (emphasis added). Moreover, even if the Engagement Letter is not so construed, the Court is not persuaded that this is a dispute involving a sum of more than $50,000.

The amount of a charging lien is based on *quantum meruit*. *See Kovach v. City Univ. of New York*, 2015 WL 3540798, at *4 (S.D.N.Y. June 4, 2015). The Court has carefully examined all of the submissions Reavis Page filed documenting the work it performed in this case, including its billing records [ECF #44-2]. Kahlon and Reavis Page argue that the submissions documenting their correspondence and billing records should remain confidential, and the Court agrees. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006); *Thekkek v. LaserSculpt, Inc.*, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012); *Weinberger v. Provident Life & Cas. Ins. Co.*, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998). Thus, the Court will not discuss the details of those submissions. However, based on its careful review, the Court finds that, in the light of what the firm accomplished, the fees that Reavis Page requests are not reasonable by any metric, and the Court seriously doubts that Reavis Page provided more than $50,0000 worth of value in this case.

Accordingly, IT IS HEREBY ORDERED that the motion of Reavis Page for fees and a charging lien [ECF #40] is DENIED, Kahlon's cross-motion to compel arbitration [ECF #57] is GRANTED, and the parties' motions to seal [ECF #39, 56, 62] are GRANTED.

**SO ORDERED.**

Date: July 6, 2021  
New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**