

**Littler Mendelson P.C.**
900 Third Avenue
New York, NY 10022.3298

Adriana H. Foreman
212.471.4414 direct
212.583.9600 main
aforeman@littler.com

September 22, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/3/2022
```

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Julian Kahlon vs. Project Verte Inc.*
      No. 20 Civ. 3774 (MKV) (SN)

Dear Your Honors:

This firm represents Defendant/Counterclaim-Plaintiff Project Verte Inc. ("Defendant" or "Project Verte") in the above-referenced matter. Project Verte writes jointly with Plaintiff/Counterclaim-Defendant Julian Kahlon to respectfully request an adjournment of (i) the settlement conference currently scheduled for October 7, 2022 before Magistrate Judge Sarah Netburn (Docket Entry No. 126) and (ii) trial scheduled to begin on December 12, 2022 (Docket Entry No. 125).

This request is necessitated because of material developments that impact Defendant's ability and authority to reach a negotiated settlement of the parties' claims and pursue counterclaims and defend claims at trial.  More specifically, the Court of Chancery of the State of Delaware issued an Order, on or about August 25, 2022, appointing a Receiver – Don Beskrone, Esq. of the law firm of Ashby & Geddes, P.A. – pursuant to Delaware General Corporation Law §§ 226(a)(2) and 291.  (A copy of the Order Appointing Receiver, In re Project Verte, Inc., C.A. No. 2022-0696-MTZ, Docket No. 89575932 (Del. Chancery Ct.), is attached here to as <u>Exhibit A</u> ("Receivership Order").  On or about August 25, the Receiver accepted the Chancery Court's appointment, which directed the Receiver to take charge of Defendant's assets, estate, business and affairs.

By the Receivership Order, the Chancery Court has authorized the Receiver to enter into forbearance agreements with secured creditors to provide limited funding of Project Verte's operations in accordance with an agreed upon budget on terms acceptable to the Receiver and secured creditors; allow the Company to continue operations pending the sale or other disposition of the Company's assets; and sell the Company's Fulfillment Business. (See Exhibit A at p. 2 ¶ 2). The Chancery Court's Order also restricted the Receiver from "distribut[ing], pay[ing] out or transfer[ring], or agree[ing] to distribute, pay out or transfer, any proceeds, funds or other assets of the Company to any creditor or stockholder without further order of the Court." (See Exhibit A at p. 3 ¶ 6).

Since the appointment, the Receiver has been familiarizing himself with the Company's business and discharging his obligations pursuant to the Receivership Order. To that end, for example, on September 16, 2022, the Receiver filed a sale motion and related motion to expedite in connection with his efforts to sell the Company's Fulfillment Business and related assets. The motion to expedite was granted and the sale motion has been scheduled for a hearing to be held on September 28. The Receiver has been focused on fulfilling his responsibilities and assessing how to proceed with administering the Company's assets, estate, business, and affairs. Also, a claims process likely will but has not yet been established in the receivership proceeding.

For these reasons, the parties respectfully submit an adjournment of both the settlement conference and trial is appropriate and prudent with respect to preserving the Court's and the parties' time and resources, as well as necessary to enable the Receiver's satisfaction of the Chancery Court's Order. The Receiver requires additional time to evaluate Project Verte's business and financial condition, which is necessary to make an informed decision concerning how much of the Company's assets should or could be made available to settle the instant matter and/or fund the Company's defenses and claims for trial – which, in turn, requires approval by others. Based on the Chancery Court's Order, as well as agreements with creditors, the Receiver likely needs to obtain approval from secured lenders to use Company assets for any settlement and participation at trial and in all likelihood would seek approval from the Chancery Court for any such use of Company assets.

Given these circumstances, at this time, Defendant is unable to appear at a settlement conference with authority to reach a negotiated settlement of Plaintiff's unsecured claims, let alone fund pretrial preparations for and litigation at trial. For the foregoing reasons, the parties respectfully request adjournment of both the October 7, 2022 settlement conference and December 12, 2022 trial date.

Respectfully submitted,

/s/ Adriana H. Foreman

Adriana H. Foreman

cc: All Attorneys of Record (via ECF)

> This request is DENIED. The trial will proceed as scheduled on December 12, 2022.
>
> Date: October 3, 2022
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge