UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIAN KAHLON,

                Plaintiff,

-against-

PROJECT VERTE INC.,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2023
```

20-cv-3774 (MKV)

ORDER DENYING APPLICATION FOR
TEMPORARY RESTRAINING ORDER
AND RULING ON OTHER REQUESTS

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of Mr. Silverberg's proposed order to show cause why he should not be relieved as counsel and request for a temporary restraining order [ECF Nos. 143, 143-1]. Mr. Silverberg also contacted the Court via email and telephone over the weekend. In explaining why he seeks to withdraw as counsel, Mr. Silverberg declares under penalty of perjury that, among other reasons his client, Mr. Kahlon, "terminated [his] legal services" [ECF No. 143-1 ¶ 4]. It is unclear against whom Mr. Silverberg seeks a temporary restraining order. Perhaps the Court. It seems Mr. Silverberg seeks to restrain the Court from dismissing this case with prejudice until Mr. Kahlon finds a fourth set of attorneys to represent him in this three-year-old dispute [ECF No. 143-1 at 2]. Mr. Silverberg states that, since this case will be dismissed with prejudice unless it is reopened by February 1, 2023, Mr. Silverberg requests an order "staying the matter"—more accurately, its dismissal with prejudice, since the matter is closed—pending resolution of his motion to withdraw as counsel. He further reports that, although the parties reached a settlement in principle in October 2022, "the parties have not yet finalized the terms of a written settlement agreement" [ECF No. 143-1 ¶ 5].

      The Court is well familiar with this case and has carefully reviewed Mr. Silverberg's application. The request for a temporary restraining order is DENIED because it is a wholly

1

inappropriate procedural vehicle for seeking additional time for Plaintiff to change counsel and finalize the terms of a settlement agreement before dismissal with prejudice pursuant to a 30-day Order. The Court also declines to enter Mr. Silverberg's proposed order to show cause. Mr. Silverberg declares under penalty of perjury that Mr. Kahlon terminated the attorney-client relationship [ECF No. 143-1 ¶ 4]. If Mr. Kahlon wishes to oppose Mr. Silverberg's withdrawal as counsel, he may file an opposition by **January 30, 2023**. If Mr. Kahlon does not file an opposition by that date, the Court will grant Mr. Silverberg's request to withdraw.

The request for a stay is also DENIED. Instead, the Court will extend the deadline for a motion to reopen the case until **April 27, 2023**. Mr. Kahlon may use this time to seek new counsel if he so wishes.

Magistrate Judge Netburn has graciously agreed to meet with the parties to assist them in finalizing the terms of their settlement. The Court will issue an Amended Order of Reference to the Magistrate Judge. If the parties are unable to finalize a settlement agreement with her assistance by April 27, 2023, they must either proceed to trial, or voluntarily dismiss their claims. The Court was prepared to try this case in December 2022 [ECF No. 125]. The parties are not entitled to keep this case open on the Court's docket indefinitely.

The Clerk of Court is respectfully directed to terminate the motion at docket entry 143.

**SO ORDERED.**

Date: January 23, 2023　　　　　　　　　　　　　_____
New York, NY　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**